## B. H. Hellen v. Benjamin W. Anderson.

1. MARRIAGE BROKERAGE—*Defined.*—Marriage brokerage has been defined to be " the act by which a person interferes, for a consideration to be received by him, between a man and a woman, for the purpose of promoting a marriage between them."

2. SAME—*Contracts Void.*—Contracts for procuring a marriage, in consideration of a money or other compensation, are void both at law and in equity, as being opposed to morality and public policy.

3. CONTRACTS—*For Procuring a Marriage Will Not be Enforced.*— The pernicious tendency of contracts for procuring a marriage is so great that enforcement of them by the courts will be refused regardless of the propriety or expediency of the particular marriage.

Assumpsit, on a marriage contract. Trial in the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Finding and judgment for defendant; appeal by plaintiff. Heard in the Branch Appellate Court at the October term, 1898. Affirmed. Opinion filed July 11, 1899.

EDWARD DARROW, attorney for appellant.

SAMUEL W. JACKSON, attorney for appellee.

MR. JUSTICE SHEPARD delivered the opinion of the court. This appeal is from a judgment for costs against the

Hellen v. Anderson.

appellant, rendered in a suit wherein the appellant was plaintiff, and the appellee was defendant. The suit was based upon the following contract in writing, entered into by the parties:

" Chicago, July 13, 1896. This agreement, entered into on the 13th day of July, A. D. 1896, at Chicago, in the State of Illinois, by and between B. H. Hellen, of Chicago, in the State of Illinois, party of the first part, and B. W. Anderson, of Chicago, in the State of Illinois, party of the second part; the said party of the first part agrees to introduce said second party to Mrs. Sarah Hughes, of the city of Chicago and State of Illinois; and the said second party agrees with said first party in case said second party marries said Sarah Hughes to pay said first party $2,500.

Signed, sealed and delivered this 13th day of July, A. D. 1896.

B. H. Hellen,
H. W. Anderson."

August 4, 1896, defendant indorsed on said contract the following, viz.:

" So far Mr. B. H. Hellen has introduced the said B. W. Anderson to the said Sarah J. Hewes, and marriage yet remains to be consumated (consummated) to make the contract binding.

Dated August 4, 1896.

B. W. Anderson."

September 22, 1896, plaintiff received from defendant $5 to apply on said contract, which was indorsed thereon in defendant's presence by plaintiff, viz.:

" September 22, 1896. Cash $5 to apply on within contract.

B. H. Hellen."

The case was tried by the court without a jury upon an agreed statement of facts, including the foregoing contract and the indorsements thereon, in which it is stated that on or about August 18, 1896, the defendant (appellee) and Sarah J. Hewes (the woman named as Sarah Hughes in the contract) were united in marriage at Chicago.

Among other agreed facts, it appears that the appellant brought suit against appellee in the Circuit Court of Cook

County, to the December term, 1896, thereof, based upon the same contract, and that demurrers to the original and amended declarations, respectively, there filed, were sustained.

Upon the demurrer to the amended declaration being sustained, the plaintiff elected to stand by his amended declaration, and the suit was thereupon dismissed at plaintiff's costs, the judgment order reciting that the suit was dismissed for want of a declaration. An appeal to this court was prayed by plaintiff and allowed, but nothing was done to perfect such appeal.

Afterward the plaintiff paid to defendant the costs awarded him in said court, and then brought this action in the Superior Court.

To this suit in the Superior Court the defendant pleaded the general issue, and the said recovered judgment of the Circuit Court, and upon the hearing the Superior Court found the issues for the defendant and gave judgment against the plaintiff for costs, which is the judgment now here for review.

It is recited in the bill of exceptions that the finding of the issues in favor of the defendant was upon the ground that said judgment of the Circuit Court was final and was *res judicata* of the matters involved.

It is immaterial what the reason was for the judgment; if the judgment is right, upon the record that was made, it should stand, whether the Superior Court gave the right reason for it or not. No propositions of law were submitted to the trial judge and none were held or refused by him.

The record presents two questions : one, whether the judgment of the Circuit Court was *res judicata* as to the matters involved in this suit, or in other words, whether such matters were forever set at rest by that judgment; and the other, whether an action may be sustained upon a contract of marriage brokerage.

We have no doubt that the judgment of the Superior Court was right upon either and both questions, but we prefer to place our decision upon the latter and broader one

Marriage brokerage has been defined to be, "the act by which a person interferes, for a consideration to be received by him, between a man and a woman, for the purpose of promoting a marriage between them." Bouvier's Law Dictionary (Ed. of 1897).

Such contracts for procuring a marriage, in consideration of a money or other compensation, are void both at law and in equity, as being opposed to morality and public policy.

The pernicious tendency of such contracts is so great that enforcement of them by the courts will be refused regardless of the propriety or expediency of the particular marriage. 2 Parsons on Contracts, star page 74; Boynton v. Hubbard, 7 Mass. star page 118; Greenhood on Public Policy, Rule 406, and cases cited.

"All agreements to pay for bringing about a marital alliance are void, whether the payment is to be made to one of the parties or to a third person (a professional marriage broker or any one) for effecting a marriage. All undertakings of such go-betweens as these mercenary matchmakers are reprobated by law. And this is so whatever may be the stipulated reward for the undertaking." Am. & Eng. Ency., Vol. 9 (1st Ed., "Illegal Contracts"), 919.

The contract in question is plainly one that is within the interdicted class, as may be seen by reference to numerous of the authorities.

No action is maintainable upon the contract, and the judgment of the Superior Court was right and is affirmed.